IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

PATRICK T. MANION, JR.,

Plaintiff,

v.

STEPHEN E. NAGIN, HERZFELD & RUBIN, HERZFELD & RUBIN, P.C., LITCHFORD & CHRISTOPHER, P.A., NAGIN GALLOP FIGUEREDO, P.A., and BOAT DEALERS' ALLIANCE, INC.,

Defendants.

Civil Action No. CV-00-238

**STIPULATION AND AGREED ORDER TO SET ASIDE ENTRY OF DEFAULT, TO EXTEND TIME TO FILE RESPONSIVE PLEADING TO PLAINTIFF'S COMPLAINT AND TO EXTEND TIME TO FILE RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

IT IS HEREBY STIPULATED by and between Plaintiff Patrick T. Manion, Jr., and Defendant Boat Dealers' Alliance, Inc., through their respective counsel, that: (1) the default entered against Defendant Boat Dealers' Alliance, Inc., may be set aside; (2) that Defendant Boat Dealers' Alliance, Inc., may have an extension of time to answer or otherwise plead to Plaintiff's complaint until March 31, 2000; and (3) that Defendant Boat Dealers' Alliance, Inc., may have an extension of time to submit a response to Plaintiff s motion for a preliminary injunction until March 31,2000. For good cause and in support thereof, the parties state as follows:

1. The complaint in this case brought by Patrick T. Manion, Jr., ("Manion") alleges breach of contract against Defendant Boat Dealers' Alliance, Inc. ("BDA").

2. Manion is an individual, residing in the City of St. Cloud, in the State of Minnesota.

3. Defendant BDA is a Florida corporation with its principal place of business in Niantic, Connecticut.

4. In consideration for plaintiffs' agreement to set aside the default and extend the deadlines for submitting responsive documents as described herein, defendant BDA agrees to waive

FILED 3-30-00
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

all objections to personal jurisdiction, venue (including waiver of any motions pursuant to 28 U.S.C. Sec. 1404), and service of process.

5. Defendant BDA had to retain Special Counsel in this matter because its General Counsel is a named party and will be a witness in these proceedings. Special Counsel is located in Boston, Massachusetts, and his Petition for Admission Pro Hac Vice is pending before this court. Before Special Counsel contacted counsel for Plaintiff, the default judgment against Defendant BDA had been entered. It will cause no prejudice to Plaintiff to set aside the entry of default.

6. BDA asserts that the factual investigation required, and the difficulty of arranging new counsel and local counsel in order to appear in this matter and prepare a responsive pleading support BDA's request for an extension of time.

7. BDA asserts that it does not seek this relief to delay this matter, but so that justice can be served.

Dated: March 29, 2000

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: ______________________
RICHARD A. LOCKRIDGE #64117
ERIC C. TOSTRUD #213548
100 Washington Avenue South
Suite 2200
Minneapolis, Minnesota 55401
(612) 339-6900

William J. French
Glen E. Lavy
Conant, French & Chaney, L.L.P.
Suite 3880 BankOne Center
1717 Main Street
Dallas, Texas 75201
(214) 915-0620

Attorneys for Plaintiff Patrick T. Manion, Jr.

Dated: March 29, 2000

COUSINEAU, MCGUIRE & ANDERSON CHARTERED

By: ______________________
SARAH J. BATZLI #186661
600 Travelers Express Tower
1550 Utica Avenue South
Minneapolis, Minnesota 55416
(612) 546-8400

Attorneys for Defendant Boat Dealers' Alliance



276135-1

**ORDER**

In accordance with the Stipulation of the parties, it is hereby ordered that the default entered against Defendant Boat Dealers' Alliance, Inc. is set aside, and that Defendant Boat Dealers' Alliance, Inc., may have until March 31, 2000 to file and serve its responses to Plaintiff's Complaint and Motion for Preliminary Injunction in the above case.

BY THE COURT:

Dated: March 30, 2000

United States District Court Judge
Ann D. Montgomery