**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patrick T. Manion, Jr.,

Plaintiff,

v.

Stephen E. Nagin et al.,

Defendants.

**ORDER**
Civil No. 00-238 ADM/RLE

---

William J. French, Esq., Conant French & Chaney, LLP, Dallas, Texas, on behalf of Plaintiff.

John J. Wackman, Esq., Rider Bennett Egan & Arundel, LLP, Minneapolis, MN, on behalf of Defendants.

---

This matter comes before the undersigned United States District Judge on Plaintiff's Motion to Vacate the Arbitration Award of November 12, 2002 [Docket No. 77]. This action was filed by Plaintiff Patrick T. Manion, Jr. ("Manion"), on February 1, 2000. On August 2, 2000, this Court granted the Motion of Defendant Boat Dealers' Alliance, Inc. ("BDA"), to compel arbitration, and stayed the action as against other Defendants pending arbitration between Manion and BDA [Docket No. 68]. The arbitration was held in Minneapolis, Minnesota, from May 29 to June 7, 2002. On November 12, 2002, the arbitrator, Richard Pemberton ("Arbitrator Pemberton"), entered Findings of Fact, Conclusions of Law and Interim Arbitration Award. Manion now moves to vacate the arbitration award, and BDA contests the Motion as premature.

The arbitration hearings were declared closed by Arbitrator Pemberton as of January 24, 2003, and he has until February 23, 2003, to issue his final award. The award under review here does not purport to be Arbitrator Pemberton's final award, or to be a "complete determination of

FEB 19 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

all claims submitted to [him]." Michaels v. Mariforum Shipping, S.A., 624 F.2d 411, 413 (2d Cir. 1980) (holding that it is premature for a District Court to vacate an interim award that is not final and error to reach the merits of such a claim); see also Ligon Nationwide, Inc. v. Been, 761 F. Supp. 633, 635 (SDNY 1991) ("The Federal Arbitration Act explicitly requires that an award be final before a district court has jurisdiction to vacate it."). "The purpose of arbitration is the speedy and inexpensive resolution of disputes. Review of nonfinal arbitration decisions by district courts would 'disjoint and unduly delay the proceedings, thereby thwarting the very purpose of conservation.'" Ligon, 761 F. Supp. at 635 (internal citation omitted).

To vacate Arbitrator Pemberton's November 12, 2002, interim arbitration award prior to the February 23, 2003, final award deadline, and indeed, a final award, would be premature. Judicial review is unavailable at this juncture. Based on all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate the Arbitration Award of November 12, 2002 [Docket No. 77] is **DENIED**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 18, 2003