UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Patrick T. Manion, Jr.,

Plaintiff,

vs.

Stephen E. Nagin, Herzfeld & Rubin, Herzfeld & Rubin, P.C., Litchford & Christopher, P.A., Nagin Gallop Figueredo, P.A., and Boat Dealers' Alliance, Inc.,

Defendant.

Case No.: CV-00-238 (ADM/RLE)

**BOAT DEALERS' ALLIANCE, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR AN AWARD OF ATTORNEYS' FEES**

## INTRODUCTION

Boat Dealers' Alliance, Inc. ("BDA") submits this memorandum in support of its motion for an award of attorneys' fees under paragraph 9D of Plaintiff Patrick Manion's ("Manion") Management Agreement with BDA. BDA seeks an award of $95,344.37[1], which amount covers attorneys' fees incurred by BDA in defending the bankruptcy and appellate proceedings in this matter. An award of attorneys' fees is specifically provided for by paragraph 9D of the Management Agreement and, therefore, BDA is entitled to the requested award.

## BACKGROUND

On February 1, 2000, Manion commenced this case against BDA and others alleging claims against BDA for breach of his Management Agreement ("Management Agreement") with BDA. (Affidavit of John Wackman ("Wackman Aff.") Ex. A. at 3.) Paragraph 9D of Manion's

[1] In addition to the $95,344.37 award, BDA requests that it be awarded attorneys' fees incurred by it between the date of this memorandum and the date of the hearing on this motion. The amount requested will be in an affidavit submitted at the hearing.

Management Agreement specifically provides for an award of attorneys' fees to the prevailing party incurred during arbitration, litigation, or appellate proceedings:

> If any dispute arising out of this Agreement results in arbitration, litigation, or appeal, the substantially prevailing party shall be entitled to repayment of reasonable attorneys' fees and costs associated with such legal actions.

(Id. at 8.) The Management Agreements also contains a requirement that all claims be submitted to arbitration. (Id.)

Despite the requirement between the parties that all claims be submitted to arbitration, Manion opposed BDA's attempts to compel arbitration, and instead filed several motions before this Court in an attempt to avoid arbitration and litigate his claims against BDA. (Id. at 3.) On August 2, 2000, this Court issued a Memorandum Opinion and Order compelling arbitration. (Id. at 3-4.) Arbitration was held from May 29, 2002 to June 7, 2002. (Id. at 4.) On or about February 21, 2003, the arbitrator issued his final award in which he found that BDA was the prevailing part on the "most significant issues of the arbitration." (Id.) Based on the arbitration award and findings from the arbitrator, this Court dismissed all claims asserted against BDA by Manion in its June 20, 2003 Order. (Id. at 4.)

On July 18, 2003, Manion appealed the court's denial of his motion to vacate the arbitration award to the Eighth Circuit Court of Appeals. (Wackman Aff. Ex. C.) On or about December 16, 2004, the Eighth Circuit affirmed the District Court's confirmation of the arbitration award and dismissal of Manion's claims. (Wackman Aff. Ex. D.) On or about February 9, 2005, the Eight Circuit Court of Appeals issued its Mandate, thus conferring jurisdiction on this court to hear the instant motion. (Wackman Aff. Ex. E.) BDA incurred approximately $42,876.50 in attorneys' fees and costs during the appellate proceedings. (Wackman Aff. ¶ 6 and Ex. F.)

**A. United States Bankruptcy Court, District of Minnesota Proceedings.**

In the midst of the appellate court action, on or about August 4, 2003, Manion filed for Chapter 13 bankruptcy in the Eastern District of Wisconsin, Case No. 03-31881-MDM. (Wackman Aff. Ex. G.) Accordingly, BDA filed proof of its claim against Manion in the amount of $301,288.95 and proceeded to defend its claim in bankruptcy court. (Wackman Aff. Ex. H.) On or about January 6, 2005, the bankruptcy court issued its Order Approving Trustee's Final Account, which approved BDA's claim in full. (Id.) Manion's bankruptcy file was ordered closed and the case discharged. (Id.) BDA incurred approximately $44,598.00 in attorneys' fees and costs defending its claim in the bankruptcy proceedings. (Wackman Aff. ¶ 9 and Ex. I.)

## ARGUMENT

"Attorneys' fees are recoverable if specifically authorized by contract or statute." Van Vickle v. C.W. Scheurer & Sons, Inc., 556 N.W.2d 238, 242 (Minn. Ct. App. 1996). See also Chicago Title Ins. Co. v. F.D.I.C., 172 F.3d 601, 604-05 (8th Cir. 1999) (under Minnesota law, "the general rule is that attorneys' fees and costs are awarded only when authorized by statute or provided for in the contract.") As stated above, the Management Agreement contains a provision entitling the "substantially prevailing party" to its attorneys' fees and costs. The validity of this provision was previously determined by this Court on February 5, 2004, when it stated "BDA has proven that it is a 'substantially prevailing party' under Paragraph 9D [of the Management Agreement]'". (Wackman Aff. Ex. B.) The Court further acknowledged:

> "BDA has incurred legal fees in defending Manion's two motions to vacate the arbitration award and in moving to confirm the award. Because this work directly relates to the dispute with Manion over the Management Agreement and the arbitration award has been confirmed, BDA is the 'substantially prevailing part' and Paragraphs 9D applies. (Dee Order of June 20, 2003.)

(Id.)

**A. Appellate Proceedings.**

Here, there can be no dispute that BDA is the substantially prevailing party. In the Eighth Circuit Court of Appeals December 16, 2004 opinion, the court upheld this Court's confirmation of the arbitration award in favor of BDA which dismissed all of Manion's claims against BDA. (Wackman Aff. Ex. B.) Accordingly, the additional fees incurred by BDA to defend Manion's appellate motions to vacate the arbitration award should be granted for the same reasons this Court awarded BDA its fees in defending Manion's original appeal of the arbitration award to the District Court. Attorneys' fees in the amount of $42,876.50 incurred by BDA is defending Manion's motions to vacate the arbitration award in the Eighth Circuit Court of Appeals should be entered in favor of BDA pursuant to the parties' Management Agreement and the appellate court's recent order in favor of BDA.

**B. Bankruptcy Proceedings.**

BDA is also entitled to its attorneys' fees and costs incurred in the bankruptcy proceedings. On or about August 4, 2003, more than five months after the arbitration award was issued, Manion filed a Chapter 13 Bankruptcy Petition in an effort to avoid his obligations to BDA. Like the district court and appellate fees incurred, BDA's expenses to preserve its claim in bankruptcy arise directly from the parties' relationship created by the Management Agreement. In an effort to collect on the amount due and owing pursuant to the Management Agreement, BDA was forced to defend in bankruptcy court to preserve its claims. On January 6, 2005, the bankruptcy court found BDA's claim to be valid and acknowledged Manion's debt in the Order Approving Trustee's Final Account, Discharging Trustee, Releasing Bond of Trustee and Closing Estate. (Wackman Aff. Ex. F.) BDA incurred approximately $44,598.00 in attorneys' fees and costs as a result of Manion's bankruptcy filing and therefore is entitled to an award attorneys'

fees in that amount pursuant to the parties' Management Agreement and the bankruptcy court's recent order.

### C. Reasonableness of BDA's Attorneys' Fees

Finally, the attorneys' fees requested here are reasonable. The amounts sought, while not small, are all related to work that was necessary in this case. Indeed, it was primarily because of the plaintiff's numerous actions - his appeal and bankruptcy filing- that BDA was forced to incur the bulk of the attorneys' fees. Accordingly, because the fees requested are reasonable and provided for under the contract, BDA requests an award of $95,344.37 in attorneys' fees and costs, plus amounts incurred between the filing of this motion and the hearing.

### D. Jurisdiction and Timeliness of BDA's Request for Attorneys' Fees

Minnesota Local Rule of Federal Procedure 54.3 states:

> (a) Applications for fees under the Equal Access to Justice Act shall be filed within 30 days of final judgment as defined by 28 U.S.C. § 2412.
>
> (b) In all other cases in which attorney's fees are sought, the party seeking an award of fees shall:
>
>> (1) Within 30 days of entry of judgment in the case, file and serve an itemized motion for the award of fees; …
>
> (c) For good cause shown, the Court may excuse failure to comply with LR 54.3(b).

(2004.) "In general, applications for attorney's fees should be submitted promptly after a determination of the case on the merits." Minn. Local R. Fed. P. 54.3, Advisory Committee's Note (1991). Further, the Eighth Circuit Rules of Appellate Procedure authorize the district court to hear and determine the prevailing party's motion for attorney fees. Eighth Circuit Rules of Appellate Procedure 47C.

Importantly, in Little Rock School District v. State of Arkansas, 127 F.3d 693, 696 (8th Cir. 1997), the Eighth Circuit Court of Appeals addressed an appellees' request for appellate

attorneys' fees requested in district court and stated "Rule 47C cannot and does not affect the jurisdiction of the district courts. The jurisdiction of the federal district courts is conferred by Congress" under 28 U.S.C. §§ 1331-1390. Id. The court held that Rule 47C is a rule of procedure for the Court of Appeals and does not alter the District Court's grant of jurisdiction to determine an award of attorneys' fees. "Therefore, despite our local rule, the district courts retain jurisdiction to decide attorneys' fees issues that we have not ourselves undertaken to decide." Id. The court concluded its analysis of this issue by acknowledging the "multiple procedural options for the determination of attorneys' fees" and the district court's retained jurisdiction to hear a motion for attorneys' fees incurred during the appellate process.

In the present case, the Eighth Circuit entered judgment on or about December 16, 2003. Following the appellate court's entry of judgment, on or about January 7, 2005, counsel for BDA brought a motion before the appellate court requesting consideration of its motion for attorneys' fees and requesting remand of the attorneys' fees issue to the District Court for hearing and determination. The Eighth Circuit denied BDA's motion for remand but did not consider or determine the merits of whether an award of attorneys' fees in favor of BDA was appropriate under the attorneys' fees provision of the Management Agreement. Under the Eighth Circuit's decision in Little Rock School, the court's order regarding attorneys' fees has not deprived this court of its jurisdiction to determine the merits of BDA's motion for attorneys' fees because the appellate court did not undertake to decide that issue.

In addition, the appellate court's mandate conferring jurisdiction on this Court to hear BDA's motion was not issued until February 7, 2005 and the bankruptcy proceedings in this matter were not finalized until January 6, 2005. In light of the ongoing bankruptcy and appellate issues in this case that had to be resolved before BDA's motion for attorneys' fees could be property considered, the judgment in this case became final and this issue ripe for hearing before

this Court on February 7, 2005. Only now is BDA entitled to an award of its attorneys' fees which this court has already concluded are provided for in the parties' Management Agreement. The appeals and bankruptcy proceedings have been exhausted and BDA is clearly the "substantially prevailing party". Accordingly, attorneys' fees and costs in the amount of $95,344.37 must be awarded to BDA as the prevailing party in the appellate and bankruptcy actions.

RIDER BENNETT, LLP

By /s/ John J. Wackman ____________________

Richard J. Nygaard (80226)
John J. Wackman (251884)
Peter D. Gray (25809X)
Attorneys for Boat Dealers' Alliance, Inc.
33 South Sixth Street, Suite 4900
Minneapolis, MN 55402
612-340-8900

Dated: March 8, 2005