IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

---

PATRICK T. MANION, JR.

Plaintiff, Case No. CV-00-238

vs.

STEPHEN E. NAGIN et al

Defendants.

---

AFFIDAVIT OF PAUL G. SWANSON, BANKRUPTCY ATTORNEY
FOR PATRICK T MANION JR.

---

STATE OF WISCONSIN )
) SS
WINNEBAGO COUNTY )

Paul G. Swanson, being first duly sworn states as follows:

1. I am an attorney licensed to practice law in the State of Wisconsin and admitted to practice in the Federal District Courts in both the Eastern and Western District of Wisconsin as well as the Seventh Circuit.

2. I am a board certified bankruptcy lawyer by the American Board of Certification in both consumer and business law and have been since 1993. I am the President of the National Association of Bankruptcy Trustees and sit on the Board of Directors of the State Bar of Wisconsin Bankruptcy Section. I am a frequent lecturer on bankruptcy topics and have presided over thousands of cases as a bankruptcy trustee as well as handled thousands of consumer bankruptcies over the last 10 years.

3. That I am well familiar with fees generally charged for representation in consumer bankruptcies and in particular Chapter 13's.

4. That I represented Patrick T. Manion Jr. and Nancy J. Manion in a Chapter 13 bankruptcy filed in the Eastern District of Wisconsin as Case No. 03-31881. The case was filed on August 4, 2003 and dismissed with the acquiescence of the Debtors on September 8, 2004.

5. That during the course of the bankruptcy, the entire amount of time spent by this affiant on this Chapter 13 case amounted to approximately 15 hours. The time generally was spent as follows:

   a. Drafting the Petition and Schedules as well as a simple Chapter 13 Plan.

   b. Negotiations with counsel for Boat Dealers Alliance regarding the terms of the Plan.

   c. A deposition of the Debtors which lasted several hours on one day.

   d. Attendance at the 341 hearing with the Chapter 13 trustee and several telephonic hearings with the court.

   e. Arranging for a bond to be posted with the District Court of Minnesota and dismissing this case.

6. This case was unremarkable and uncomplex in its nature. There were no hearings held before the presiding judge, Honorable Margaret D. McGarity, other than several telephonic status conferences. The only personal appearance by counsel for Boat Dealers Alliance was attendance at a deposition in Oshkosh, Wisconsin which lasted several hours.

7. A Motion for Relief From Stay was filed by Boat Dealers Alliance but granted with the consent of the Debtors to continue the underlying appeals int his case.

8. The Chapter 13 Plan was a 100% payment plan which simply proposed that the appeal process be completed and that payment would be forthcoming (unless Manion prevailed on the appeal) thereafter.

9. That your affiant negotiated with the attorney for Boat Dealers Alliance for the posting of a bond as security for payment of the ultimate judgment in the Boat Dealers Alliance action and this case was dismissed on the trustee's motion with no further action by any of the parties.

10. That the fees sought to be charged by the attorneys for Boat Dealers Alliance relating to this bankruptcy are grossly inflated and unreasonable. That in the opinion of affiant, if such fees were sought to be added to the claim of Boat Dealers Alliance as relating to the bankruptcy before the Bankruptcy Court, they would have been disallowed almost in their entirety.

11. That this Affidavit is made in support of the opposition to Boat Dealers Alliance Motion for Attorneys Fees as they relate to the bankruptcy proceeding and is made of personal knowledge of your Affiant.

Paul G. Swanson

Subscribed and sworn to before me
this 31 day of March, 2005.

Kimberly A. Stone
Notary Public, Winnebago County
My Commission Expires: July 10, 2005