**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Patrick T. Manion, Jr.,

Plaintiff,

v.

Stephen E. Nagin, Herzfeld & Rubin, Herzfeld & Rubin, P.C., Litchford & Christopher, P.A., Nagin Gallop Figueredo, P.A., and Boat Dealers' Alliance, Inc.,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-238 ADM/RLE

---

Gabrielle H. Kickhan, Esq., Conant French & Chaney, LLP, Dallas, TX, appeared for and on behalf of Plaintiff.

John J. Wackman, Esq., Rider Bennett, L.L.P., Minneapolis, MN, appeared for and on behalf of Defendant Boat Dealers' Alliance.

---

## I. INTRODUCTION

On April 7, 2005, oral argument was heard before the undersigned United States District Judge on Boat Dealers' Alliance, Inc.'s ("Defendant" or "BDA") Motion for Attorneys' Fees [Docket No. 171]. In its Motion, Defendant seeks $95,344.37 from Patrick T. Manion, Jr. ("Plaintiff" or "Manion") for attorneys' fees incurred in appellate and bankruptcy proceedings as a result of defending a judgment entered by this Court. For the reasons set forth below, Defendant's Motion is granted in part and denied in part. The Court finds Defendant is entitled to $66,124.87 in attorneys' fees and costs.

## II. BACKGROUND[1]

This case commenced on February 1, 2000 when Plaintiff alleged BDA and other defendants breached his Management Agreement with BDA. Compl. [Docket No. 1]. After finding the Management Agreement required the parties to arbitrate the dispute, this Court issued an Order compelling arbitration. August 2, 2000 Order [Docket No. 68]. On February 21, 2003, the arbitrator issued his final award and found BDA was the prevailing party on the "most significant issues of arbitration." Wackman Aff. [Docket No. 103] Ex. 2. On June 20, 2003, this Court affirmed the arbitration award and entered judgment. June 20, 2003 Order [Docket No. 108]; Judgment [Docket No. 109].

On July 18, 2003, Plaintiff appealed the confirmation and denial of his motion to vacate the arbitration award to the Eighth Circuit. Notice of Appeal [Docket No. 121]. The Eighth Circuit issued judgment denying Plaintiff's appeal on December 16, 2004 [Docket No. 167]. On January 7, 2005, Defendant brought a Motion for Attorneys' Fees and Request for Remand to District Court for Appropriate Hearing and Determination of Appellee's Claim for Attorneys' Fees ("Motion for Attorneys' Fees and Request for Remand to District Court"). French Aff. [Docket No. 182] Ex. 6. The Eighth Circuit denied the Motion and subsequently issued its Mandate [Docket No. 170] returning jurisdiction to this Court on February 8, 2004. February 1, 2005 Order (French Aff. Ex. 7).

On August 4, 2003, Manion filed for Chapter 13 bankruptcy protection in the Eastern District of Wisconsin. Case No. 03-31881 (MDM) (Wackman Aff. II Ex. G). Defendant subsequently filed a claim of $301,288.95 in Plaintiff's bankruptcy proceeding. Wackman Aff. II Ex. H. The bankruptcy

---

1 For purposes of the instant Motion, the facts are viewed in the light most favorable to the nonmovant. See Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

court issued an Order Approving Trustee's Final Account, which approved BDA's claim in full and closed and discharged the case. Id.

Paragraph 9D of the Management Agreement between Manion and BDA explicitly authorizes the prevailing party to collect attorneys' fees incurred during arbitration, litigation, or appellate proceedings:

> If any dispute arising out of this Agreement results in arbitration, litigation, or appeal, the substantially prevailing party shall be entitled to repayment of reasonable attorneys' fees and costs associated with such legal action.

Management Agreement (Wackman Aff. II Ex. A) ¶ 9.

On July 3, 2003, BDA filed a motion to recover attorneys' fees [Docket No. 113]. In its February 5, 2004 Order [Docket No. 158], this Court granted in part and denied in part BNA's Motion for Attorneys' Fees. Importantly, for purposes of the instant Motion, this Court determined BNA was the "substantially prevailing party" and that the Management Agreement's attorneys' fees provision did not apply to other defendants sued by Manion in a related action. Id. at 14-19. See Manion v. Alex Stirling, et al., No. 02-370 (ADM/RLE).

BDA filed the instant motion on March 8, 2005, seeking attorneys' fees incurred in defending the judgment in appellate and bankruptcy proceedings. BDA claims it incurred $42,876.50 in attorneys' fees during the appellate proceedings and $44,598.00 in attorneys' fees defending its claim in the bankruptcy proceedings. BDA also seeks $7,869.87 in costs incurred during the two proceedings.

**III. DISCUSSION**

Litigants may recover attorneys' fees "if specifically authorized by contract or statute." Van

Vickle v. C.W. Scheurer & Sons, Inc., 556 N.W.2d 238, 242 (Minn. Ct. App. 1996); see also Chicago Title Ins. Co. v. F.D.I.C., 172 F.3d 601, 604-05 (8th Cir. 1999).

Paragraph 9 of the Management Agreement clearly permits the substantially prevailing party to collect reasonable attorneys' fees and costs "associated with" arbitration, litigation or appellate proceedings arising out of the Agreement. This Court has previously determined Defendant is the substantially prevailing party in this action. Plaintiff contends, however, Defendant is not entitled to the attorneys' fees and costs sought for several reasons. First, Plaintiff claims the instant motion is untimely. Second, Plaintiff argues the motion is barred by the Eighth Circuit's denial of Defendant's Motion to Remand to this Court. Third, Plaintiff claims the bankruptcy proceeding is a separate and unrelated proceeding outside the scope of Paragraph 9D of the Management Agreement. Fourth, Plaintiff contests the reasonableness of the asserted attorneys' fees and costs.

**A. Timeliness**

Plaintiff claims Defendant's instant motion for attorneys' fees is untimely under Minn. Local R. Fed P. 54.3. Local Rule 54.3 provides:

> (b) In all . . . cases in which attorneys' fees are sought [other than under the Equal Access to Justice Act], the party seeking an award of fees shall:
>
> > (1) Within 30 days of entry of judgment in the case, file and seek an itemized motion for the award of fees; . . .
>
> (c) For good cause shown, the Court may excuse failure to comply with LR 54.3(b).

"In general, applications for attorney's fees should be submitted promptly after a determination of the case on the merits." Minn. Local R. Fed. P. 54.3, Advisory Committee Note.

The Eighth Circuit affirmed this Court's Order confirming the arbitrator's award on December

16, 2004 and, after denying Defendant's Motion for Attorneys' Fees and Request for Remand to District Court, entered its Mandate on February 8, 2004. The bankruptcy court entered its Order Approving Trustee's Final Account, closing and discharging Plaintiff's case on January 6, 2005. Defendant filed the instant motion on March 8, 2005. Plaintiff argues this Motion is untimely because it was filed more than 30 days after the Eighth Circuit issued its Order.

The Court finds that Defendant's Motion for Attorneys' Fees is timely. Defendant filed this Motion within thirty days of the Eighth Circuit entering its mandate. Even if the Motion was untimely, this Court finds good cause exists under Local Rule 54.3(c) to permit consideration of the Motion on its merits. In the interest of avoiding duplication and promoting judicial efficiency, it is generally this Court's preference that all pertinent issues be resolved at the appellate level before a party brings a motion for attorneys' fees. Defendant appropriately waited until the Eighth Circuit resolved the merits of Plaintiff's appeal and entered the Mandate before bringing the instant motion. Now, the Court can simultaneously address all related attorneys' fees issues for both the appellate and bankruptcy proceedings.

**B. Defendant's Motion for Attorneys' Fees Before the Eighth Circuit**

Plaintiff contends the instant Motion is barred by the Eighth Circuit's Order denying Defendant's Motion for Attorneys' Fees and Request for Remand to District Court.[2] This argument is unpersuasive for two reasons. However, the Order did not reach the merits or offer an explanation for its holding. In addition, a remand to this Court was unnecessary, as it is well established that district court's "retain jurisdiction to decide attorney's fees issues that [the Eighth Circuit] ha[s] not . . .

---

[2] Rule 47C of the Eighth Circuit Rules of Appellate Procedure permits the Eighth Circuit to hear motions for attorney's fees.

undertaken to decide." See Little Rock Sch. Dist. v. State of Arkansas, 127 F.3d 693, 696 (8th Cir. 1997); Eighth Circuit Rules of Appellate Procedure 47C. This Court does not understand the Eighth Circuit's Order as expressing any judgment on this Court's jurisdiction to consider attorneys' fees.

**C. Inclusion of Bankruptcy Proceeding**

Plaintiff argues the attorneys' fees and costs incurred by Defendant in defending its claim in the bankruptcy proceeding are outside the scope of ¶ 9 of the Management Agreement. In support of his position, Plaintiff notes the Management Agreement only authorizes reasonable attorneys' fees and costs for arbitration, litigation and appeal of disputes between Manion and BDA arising from the Agreement. Plaintiff contends bankruptcy is a collateral proceeding not exclusively between Manion and BDA and is therefore outside the scope of the Agreement. Plaintiff relies on In re: Hatala, where a bankruptcy court held a mortgage agreement that authorized the bank to collect "all expenses of foreclosure, including . . . reasonable attorney's fees and costs" did not include fees and costs incurred in defending the claim in a bankruptcy proceeding. 295 B.R. 62, 68 (D. N.J. 2003). Defendant contends Plaintiff filed for bankruptcy in an effort to avoid paying the judgment and that attorneys' costs and fees are contemplated by the Management Agreement under ¶ 9's "associated with such legal action" language.

Although there is no "general right to attorneys' fees for actions in bankruptcy," fees may be awarded where "a contract provides for payment of attorney's fees." Hatala, 295 B.R. at 68. In other words, "attorney's fees may be available notwithstanding the fact that they were incurred in pursuing a bankruptcy matter so long as there is an independent basis for their award." Seibel v. Paolino, 249 B.R. 384, 388 (E.D. Pa. 2000) (finding plaintiffs were entitled to attorney's fees incurred while

defending a judgment awarded under Title VII in defendant's subsequent bankruptcy proceeding) (interpreting In re: Hashemi, 104 F.3d 1122 (9th Cir. 1997)). The Management Agreement at issue in the instant matter permits the substantially prevailing party to recover reasonable attorneys' fees and costs "associated with" any dispute arising out of the Agreement. This language is broader and more inclusive than the language in the Hatala mortgage agreement. Manion filed for bankruptcy as a result of the judgment entered against him in the current case, and permitted his bankruptcy proceeding to be discharged once he negotiated a bond to satisfy 100% of BDA's claim and obtained a letter of credit supporting that bond in favor of BDA. Swanson Aff. [Docket No. 183] ¶¶ 8-9. BDA is entitled to reasonable attorneys' fees and costs incurred in defending its claim during the bankruptcy proceeding because those expenses are associated with the dispute arising out of the Management Agreement.

**D. Reasonableness**

The Management Agreement provides for "reasonable" attorneys' fees and costs. Furthermore, the Court previously determined ¶ 9 only applies to fees and costs incurred by BDA, rather than related defendants, in the course of defending Manion's action.

After reviewing the Defendant's billing records, the Court finds they are generally reasonable. However, several entries appear related to (1) claims asserted against Stephen E. Nagin and related cross-claims that do not involve Manion or (2) Manion's appeal of the dismissal of his claims against the Nagin defendants. As a result, it is appropriate to exclude a total of $4,621.50 from Defendant's appellate attorneys' fees. Defendant is thus entitled to $38,255 in attorneys' fees incurred as a result of the appellate proceedings.

Although Defendant is entitled to attorneys' fees and costs related to defending its claim in the bankruptcy proceeding, the Court finds that, given the simplicity of the hearings, a reasonable amount of fees is $20,000. Plaintiff's bankruptcy involved only telephonic hearings and there were no hearings or objections to any claims. Swanson Aff. ¶¶ 4, 6. There were also no hearings on confirmation of, or objections to, Manion's Chapter 13 plan. Id. Manion negotiated a bond to satisfy 100% of BDA's claim and obtained a letter of credit supporting that bond in favor of BDA. Id. ¶¶ 8-9. Manion's own attorney billed for only 15 hours of work on the bankruptcy petition. Id. ¶ 10. As a result, the Court finds Defendant is entitled to $20,000 in reasonable attorneys' fees and costs incurred as a result of the bankruptcy proceeding.

Defendant is also entitled to $7,869.87 in costs incurred in defending its claim in the appellate and bankruptcy proceedings. For the reasons set forth above, the Court finds it is appropriate to award Defendant a total of $66,124.87 in attorneys' fees and costs.

## IV. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion for Attorneys' Fees [Docket No. 171] is **GRANTED IN PART AND DENIED IN PART**.

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: April 13, 2005.